# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| KRISTEE RAE LANG,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ST. VINCENT HEALTHCARE, et al.,<br><br>　　　　Defendants. | Cause No. CV 11--00098-BLG-RFC-CSO<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT WITHOUT PREJUDICE |

　　Plaintiff Kristee Rae Lang brought this action against a number of health care providers for failure to provide her with adequate treatment. Ms. Lang is proceeding without counsel and has paid the filing fee.

　　On February 23, 2012, the Court issued an Order to Show Cause (*Court Doc. 7*) why this case should not be dismissed based on Ms. Lang's failure to serve the Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. On February 24, 2012, Ms. Lang filed what was construed as a response to the Show Cause Order. (*Court Doc. 8*).

Due to a concern that Ms. Lang did not understand her obligations under Rule 4 of the Rules of Civil Procedure, the Court issued an Order explaining Ms. Lang's obligations, providing her a copy of the applicable rules, directing the Clerk to issue her summons, and giving her additional time to serve Defendants. (*Court Doc. 10*).

Ms. Lang sent a letter on March 27, 2012 returning the rules and summons and explaining that she does not feel comfortable having someone serve the papers for her and she would not have had the skill or desire to defend herself in court. (*Court. Doc. 12)*. She sent a letter to the Clerk of Court on April 26, 2012, setting forth a number of incidents in which she contends she was injured. It is unclear whether these events relate to the allegations of the Complaint. (*Court Doc. 13*).

On May 1, 2012, Ms. Lang sent a note to the Clerk of Court stating, "I feel like I'm supposed to close my case in your court." (*Court Doc. 14*). On May 2, 2012, Ms. Lang sent another letter to the Clerk of Court indicating, "At this time I don't feel safe enough, emotionally or physically to have my/your case dismissed." (*Court Doc. 15*).

Based upon these letters, it is not clear whether Ms. Lang is seeking to have her case dismissed. Regardless, she has been given an opportunity to establish that she effected timely service of process in compliance with the Federal Rules of Civil Procedure and she has not done so. *See* Fed.R.Civ.P. 4(c)(1)("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."). Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court has complied with Rule 4(m) by providing Ms. Lang notice of its intent to recommend dismissal if she failed to provide proof of service. There is no proof of any attempt by Ms. Lang to provide Defendants a copy of the Complaint in compliance with Rule 4. Ms. Lang apparently has some difficulties understanding her obligations in prosecuting a federal lawsuit such as this. But she has made no

indication that she suffers from a condition that materially affects her ability to represent herself.  *See U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986), Fed.R.Civ.P. 17(c), *Allen v. Calderon*, 408 F.3d 1150 (9th Cir. 2005).

Therefore, the Court issues the following:

## RECOMMENDATION

The Complaint (*Court Doc. 2*) should be **DISMISSED WITHOUT PREJUDICE** and the Clerk of Court should be directed to enter a judgment of dismissal.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Ms. Lang may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would

otherwise expire. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Ms. Lang files objections, she must itemize each factual finding to which objection is made and must identify the evidence in the record she relies on to contradict that finding. In addition, she must itemize each recommendation to which objection is made and must set forth the authority she relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objection to these Findings and Recommendations may preclude Ms. Lang from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a),

should not be filed until entry of the District Court's final judgment.

DATED this 14th day of May, 2012.

/s/ Carolyn S. Ostby
United States Magistrate Judge